IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASIF J. POONJA, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No. |

## NOTICE OF REMOVAL

Defendant Kelly Services, Inc. ("Kelly Services" or "Defendant"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the action captioned *Poonja, v. Kelly Services, Inc.*, which was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 20-CH-04650 ("the State Court Action"). In support of this Notice of Removal, Kelly Services states as follows:

## BACKGROUND

1. On June 22, 2020, Plaintiff Asif J. Poonja ("Plaintiff") filed a Class Action Complaint against Defendant Kelly Services in the Circuit Court of Cook County, Illinois, County Department, Chancery Division captioned *Asif J. Poonja v. Kelly Services, Inc.* ("Complaint"). The Complaint seeks recovery for an alleged violation of the Telephone and Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") on behalf a class of individual that Plaintiff defines as "[a]ll persons in the United States and its Territories to whom Defendant sent one or more text messages promoting its staffing services without having obtained such persons' prior express written consent to be sent such messages, at any time during the relevant statutory time period." (Compl. ¶ 20.)

64644197v.2

2. Plaintiff alleges that Defendant promoted its staffing services by transmitting text message advertisements about various job opportunities on behalf of its clients to consumers across the country and that Defendant used an automatic telephone dialing system to transmit the text messages. (Compl. ¶¶ 12, 17.)

3. Based on these and other allegations, Plaintiff seeks, on behalf of himself and the proposed class, that (1) a class action be certified, (2) statutory damages for the offending text messages, including treble damages, (3) an injunction requiring Defendant to cease all unauthorized text message activity, and (4) an award of attorneys' fees and costs. (Compl.¶ 32.)

4. Defendant has not filed an answer to the Complaint in the State Court Action and denies all material allegations contained in the Complaint, but treats the allegations as true for purposes of this Notice of Removal.

5. On June 29, 2020, Plaintiff filed in the State Court Action a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery ("Class Certification Motion") (See Ex. B.) Plaintiff noticed its Class Certification Motion to be heard on October 21, 2020.

**STATUTORY REQUIREMENTS AND TIMELINESS**

6. The Service of Process reflects that the Summons and Complaint were served on Kelly Services on June 26, 2020. *See* Exhibit A. Because Kelly Services filed this Notice of Removal on July 27, 2020, within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Plaintiff's Complaint, as well as the Motion for Class Certification, which constitute "all process,

2

64644197v.2

pleadings and orders," served upon Kelly Services in the State Court Action, and the state court docket, are attached hereto as Exhibits A, B, and C.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the State Court Action to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

## BASIS FOR REMOVAL

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which authorizes the removal of civil actions arising under the Constitution, laws, or treaties of the United States to federal district courts. 28 U.S.C. § 1331.

11. Plaintiff's Complaint asserts a claim under the TCPA, which is a federal law. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 376-77 (2012); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826, 829-30 (N.D .Ill. 2006) (stating that complaint pleading violation of the TCPA was removable on federal question grounds). Thus, this Court has federal question subject matter jurisdiction over Plaintiff's TCPA claim, which is properly removable from state courts to federal district courts. *See id.*

## VENUE

12. Venue lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441 1446(a) and 93(a)(1). This action was originally brought in the Circuit Court of Cook County, Illinois, which is located within the Northern District of Illinois, Eastern Division.

**CONCLUSION**

13. Based on the forgoing, this Court has subject matter jurisdiction over this action; and therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

14. Should Plaintiff seek to remand this case to state court, Kelly Services respectfully requests that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.

WHEREFORE, Defendant Kelly Services, Inc. respectfully requests the State Court Action be removed from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois.

| | |
|---|---|
| **DATED: July 27, 2020** | Respectfully submitted, |
| | KELLY SERVICES, INC. |
| | By: */s/ Gerald L. Maatman Jr.* |
| | Gerald L. Maatman, Jr. |

Gerald L. Maatman, Jr.
(gmaatman@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

*Counsel for Defendant*

64644197v.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, a true and correct copy of the foregoing document was filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), and Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse party in this matters at:

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Email: eturin@mcgpc.com

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.